**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 2 4 2009

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

JAMES L. GILES,                           :
                                          :
        Plaintiff,                        :
                                          :
                                          :   CIVIL ACTION FILE
v.                                        :
                                          :   NO. 1 09-cv-1707
COLLECTCORP CORPORATION,                  :
a Delaware corporation,                   :
                                          :
        Defendant.                        :
                                          :
_____          :

GET

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1.    This is an action for damages against the defendant for violations of the

      Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

### SUBJECT MATTER JURISDICTION

2.    Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §

      1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

- 1 -

## PARTIES AND PERSONAL JURISDICTION

3.  Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

4.  Defendant, COLLECTCORP CORPORATION, is a corporation organized under the laws of the State of Delaware with its principal place of business in Arizona.  [Hereinafter, said Defendant is referred to as "COLLECTCORP"]

5.  COLLECTCORP transacts business in this state.

6.  COLLECTCORP's transactions in this state give rise to the Plaintiff's cause of action.

7.  COLLECTCORP is subject to the jurisdiction and venue of this Court.

8.  COLLECTCORP may be served by personal service upon its registered agent in the State of Georgia, to wit: C T Corporation System, 1201 Peachtree Street N.E., Atlanta, Georgia 30361.

9.  Alternatively, COLLECTCORP may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia, Arizona, or Delaware.

## FACTS COMMON TO ALL CAUSES

10.   COLLECTCORP uses the mails in its business.

11.   COLLECTCORP uses telephone communications in its business.

12.   The principle purpose of COLLECTCORP's business is the collection of debts.

13.   COLLECTCORP regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

14.   COLLECTCORP is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

15.   In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, COLLECTCORP communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

16.   On or about March 7, 2009, COLLECTCORP sent an initial written correspondence to the Plaintiff.

17.   In the written correspondence, COLLECTCORP failed to convey the required statement of consumer rights regarding disputing the alleged debt and requesting validation of the alleged debt.

- 3 -

18.   In or around March 2009, COLLECTCORP left a series of telephone messages for Plaintiff requesting a return call.

19.   In the March 2009 messages, COLLECTCORP did not meaningfully disclose its identity.

20.   In the March 2009 messages, COLLECTCORP did not state that the communications were from a debt collector.

21.   In the March 2009 messages, COLLECTCORP did not state that the communications were an attempt to collect a debt.

22.   Defendant's communications violate the Fair Debt Collection Practices Act.

23.   Plaintiff has complied with all conditions precedent to bring this action.


## CAUSE OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

24.   The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

25.   Defendant's violations of the FDCPA include, but are not limited to, the following:

- 4 -

26.     The placement of telephone calls without meaningful disclosure of

        the caller's identity, in violation of 15 U.S.C. § 1692d(6);

27.     The use of any false, deceptive, or misleading representations

        or means in connection with the collection of any debt, in

        violation of 15 U.S.C. § 1692e;

28.     The failure to disclose in subsequent communications that the

        communication is from a debt collector, in violation of 15

        U.S.C. § 1692e(11); and

29.     The failure to give the required statement of consumer rights, in

        violation of 15 U.S.C. § 1692g.

30.     As a result of Defendant's actions, Plaintiff is entitled to an award of

        statutory damages, as well as an award of costs and attorney fees.

        WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT

JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF

PLAINTIFF, AS FOLLOWS:

        a)      That Plaintiff be awarded statutory damages;

        b)      That Plaintiff be awarded the expenses of litigation including a

reasonable attorney fee;

c)      That the Court declare each and every defense raised by Defendant to

be insufficient; and

d)      That the Court grant such further and additional relief as is just in the

circumstances.

Respectfully submitted,

James M. Feagle
Georgia Bar No. 256916
Kris Skaar
Georgia Bar No. 649610

**SKAAR & FEAGLE, LLP**
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax

- 6 -